

FILED
SEPTEMBER 7, 2007
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | | |
|---|---|---|
| MICHAEL LYNN SMITH, PRO SE, § | | |
| TDCJ-CID #1283062, § | | |
| Previous TDCJ-CID #498688, § | | |
| Previous TDCJ-CID #390001, § | | |
| Previous TDCJ-CID #443951, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:07-CV-0171 | |
| § | | |
| NATHANIEL A. QUARTERMAN, § | | |
| C. HARRELL, § | | |
| P. SLOAN, § | | |
| DARRELL GLYNN, § | | |
| RICK PERRY, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MICHAEL LYNN SMITH, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-named defendants and has submitted a declaration in support of application to proceed in forma pauperis without also submitting a six-month history of his inmate trust account.

On April 26, 1996, the Prison Litigation Reform Act of 1995 (PLRA) was signed into law, modifying the requirements for proceeding in forma pauperis in federal courts. Under the PLRA's "three strikes" provision, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from

further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in 18 U.S.C. § 1915(g).

The Fifth Circuit has examined the PLRA and construed it to apply to all cases pending at the time of its passage, as well as those filed afterwards. *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Id*.

The Court notes that plaintiff SMITH has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. For purposes of this analysis, the Court notes that Cause No. 4:00-CV-3707 was dismissed by the United States District Court for the Southern District of Texas, Houston Division, by Order filed August 27, 2001, as frivolous, and no appeal was taken; Cause No. 4:93-CV-2534 was dismissed upon a finding that plaintiff had failed to state a claim by Order of the United States District Court for the Southern District of Texas, Houston Division, filed on February 7, 1996, and plaintiff's subsequent appeal was dismissed by Order fled on March 27, 1996; Cause No. 4:00-CV-3691 was dismissed for frivolousness by the United States District Court for the Southern District of Texas, Houston Division, by Memorandum and Judgement executed January 24, 2001, and no appeal was taken; and Cause No.7:02-CV-0139 was dismissed by the United States District Court for the Northern District of Texas, Wichita Falls Division, for failure to state a claim on which relief can be granted on July 31, 2002, and plaintiff's subsequent appeal was dismissed on November 8, 2002 by Order entered November 18, 2002.

Pursuant to Title 28, United States Code, 1915(g), the Court FINDS plaintiff MICHAEL LYNN SMITH may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g). Even if the instant cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception. Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

Plaintiff has previously utilized his three "strikes" under the PLRA and is barred from proceeding in forma pauperis in any new civil proceeding filed in federal court while a prisoner. By the instant complaint, plaintiff has not alleged facts falling within the exception defined by Title 28, United States Code, section 1915(g).

For the reasons set forth above, plaintiff's motion to proceed in forma pauperis is DENIED.

The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this  7th  day of September, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE